IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **RANDALL A. FISHER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | )   Case No. 12-1413-CM |
| **WELLS FARGO ADVISORS, LLC,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM AND ORDER

This removal case is before the court on defendant Wells Fargo Advisors, LLC's Motion to Confirm Arbitration Award and for Judgment (Doc. 4). This case proceeded to arbitration pursuant to rules of the Financial Industry Regulatory Authority, Inc. ("FINRA"). The arbitration panel entered an award in favor of defendant and against plaintiff in the amount of $48,172.61, plus interest at the rate of 10% per annum, attorney's fees, and costs. To calculate this sum, the panel offset an award for plaintiff by an award for defendant.

Plaintiff Randall A. Fisher originally filed the case in the District Court of Finney County, Kansas by filing an Amended Original Application to Vacate Arbitration Award. His application is also now before this court (Doc. 1-1). In his application, plaintiff contends that the court should vacate the arbitration award because of the "panel's prejudicial misconduct before and during the hearing held on this case." (Doc. 1-1 at 5.) The substance of plaintiff's application, however, does not discuss actual misconduct by the panel, but rather discovery decisions that plaintiff believes the panel erroneously made.

Defendant removed the case to this court and filed (1) an answer to plaintiff's application and (2) a motion for confirmation of the arbitration award. Plaintiff failed to timely respond to the motion for confirmation, and the court entered an order to show cause why the motion should not be granted as unopposed. Plaintiff did not respond to the court's order.

Defendant's motion is therefore before the court with no formal response from plaintiff, but with plaintiff's original application to vacate in the record. The court could consider defendant's motion uncontested pursuant to D. Kan. Rule 7.4(b). In the interest of justice, however, the court will consider the content of plaintiff's application to vacate when evaluating the merits of defendant's motion for confirmation.

The Federal Arbitration Act ("FAA") governs this dispute. *In re Arbitration Between Ins. Intermediaries, Inc., & Harbor Underwriters, Inc.*, No. 02-2156-JWL, 2002 WL 1602417, at *2 n.1 (D. Kan. July 17, 2002) (holding that federal law governs even when an agreement states that state law applies) (citations omitted). Under the FAA, a request for a confirmation of an arbitration award under 9 U.S.C. § 9 is intended to be summary: the court may only deny confirmation if an award has been corrected, vacated or modified in accordance with the FAA. 9 U.S.C. § 9; *In re Arbitration Between Ins. Intermediaries, Inc., & Harbor Underwriters, Inc.*, 2002 WL 1602417, at *2; *see also Ketchum v. Prudential Bache Sec., Inc.*, 710 F. Supp. 300, 301 (D. Kan. 1989) (holding that absent a statutory basis for modification or vacatur, the district court's task is to confirm the arbitrator's final award as mandated by § 9 of the FAA). Section 10 of the FAA permits a federal district court to vacate an arbitration award under only four circumstances:

> (1) where the award was procured by corruption, fraud, or undue means;
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10.  A court is limited to the reasons enumerated in § 10 plus a "handful of judicially created reasons," including violation of public policy, manifest disregard of the law, and denial of a fundamentally fair hearing.  *Sheldon v. Vermonty*, 269 F.3d 1202, 1206 (10th Cir. 2001); *see also Denver & Rio Grande W. R.R. v. Union Pac. R.R.*, 119 F.3d 847, 849 (10th Cir. 1987).  *But see Legacy Trading Co. v. Hoffman*, 363 F. App'x 633, 635 n.2 (10th Cir. 2010) (noting an argument that the judicially-created exceptions no longer exist as grounds).  Outside of these limited circumstances, an arbitration award must be confirmed.  *Denver & Rio Grande W. R.R.*, 119 F.3d at 849.  Errors in either the arbitrator's factual findings or interpretation of the law (unless that interpretation shows a manifest disregard of controlling law) do not justify review or reversal on the merits of the controversy.  *Id*. at 849.  "By agreeing to arbitrate, a party 'trades the procedures and opportunity for review of the courtroom for the simplicity, informality, and expedition of arbitration.'"  *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 31 (1991) (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 628 (1985)).

The Tenth Circuit has emphasized this limited review standard.  *Durkin v. CIGNA Prop. & Cas. Corp.*, 986 F. Supp. 1356, 1357–58 (D. Kan. 1997) (citing *ARW Exploration Corp. v. Aguirre*, 45 F.3d 1455, 1463 (10th Cir. 1995)); *see also Hollern v. Wachovia Sec., Inc.*, 458 F.3d 1169, 1172 (10th Cir. 2006); *Brown v. Coleman Co.*, 220 F.3d 1180, 1182 (10th Cir. 2000).  The court affords the arbitrator's decision "[m]aximum deference," applying a standard of review that "is among the narrowest known to law."  *Durkin*, 986 F. Supp. at 1358 (internal quotation marks and citation omitted); *see also Bowen v. Amoco Pipeline Co.*, 254 F.3d 925, 932 (10th Cir. 2001).  Once an arbitration award is entered, therefore, the finality that courts should afford the arbitration process

weighs heavily in favor of the award, and courts must exercise great caution when asked to set aside an award.

Finally, consistent with this substantial deference given to arbitration proceedings, the party seeking to vacate an arbitration award bears the burden to show that one of the limited grounds for setting aside the award is met. *Youngs v. Am. Nutrition, Inc.*, 537 F.3d 1135, 1141 (10th Cir. 2008) (holding that it is "the burden of the [party seeking to have the award vacated] to provide the court with the evidence to support [his] arguments for vacating the arbitrator's award") (citation omitted). That burden is heavy. *Id.* (citation omitted).

With these standards in mind, the court turns to plaintiff's application to vacate and defendant's motion for confirmation. Unless the court grants plaintiff's application, it must grant defendant's motion. In his application, plaintiff asks the court to vacate the arbitration award for two reasons: the arbitrators (1) exceeded their powers under the FINRA rules; and (2) conducted the hearing in such a way as to substantially prejudice the rights of plaintiff. Specifically, plaintiff claims that the panel should not have let defendant present certain documents at the hearing because they were not produced to plaintiff in accordance with FINRA rules. By allowing defendant to present the documents, plaintiff claims, the panel deprived plaintiff of the ability to prepare a full defense.

Plaintiff has failed to show that the panel engaged in any behavior entitling him to have the award vacated. Plaintiff has offered little more than unsupported allegations of potentially incorrect discovery decisions. In fact, many of his complaints center on defendant's conduct—not the conduct of the arbitration panel. (*See, e.g.,* Doc. 1-1 at 6-7 ("As the arbitration proceeding progressed, [defendant] repeatedly engaged in improper discovery tactics."; "[Defendant's] misconduct was exacerbated when, on June 22, 2012—just six weeks before the hearing—[defendant] identified . . . those exhibits it would use at the final hearing . . . .").) Even if the court assumes that the panel erred

in allowing defendant to present certain documents, such error did not deprive plaintiff of a fundamentally fair hearing. *See Bowles Fin. Group, Inc. v. Stifel Nicolaus & Co.*, 22 F.3d 1010, 1012 (10th Cir. 1994) ("A fundamentally fair hearing requires only notice, opportunity to be heard, and to present relevant and material evidence and argument before the decisionmakers and that the decisionmakers are not infected with bias."). And making erroneous discovery and evidentiary decisions is a far cry from misconduct. *See Merrill Lynch v. Whitney*, 419 F. App'x 826, 832 (10th Cir. 2011) ("It is not enough for [a challenging party] to show that the arbitration panel committed an error or even a serious error."); *Hollern v. Wachovia Secs., Inc.*, 458 F.3d 1169, 1176 (10th Cir. 2006) ("Errors in an arbitration panel's interpretation or application of the law are generally not reversible."). Plaintiff simply claims that the panel was wrong when it allowed defendant to present documents at the hearing that prejudiced plaintiff. This discovery and evidentiary decision was one committed to the discretion of the panel. Error in the decision is not cause for vacating the arbitration award. Because plaintiff has not offered a valid reason for vacating the award, the court will confirm the award.

Finally, defendant asks the court to sanction plaintiff's counsel for seeking to have the arbitration award vacated.[1] Where an attorney unjustifiably multiplies proceedings by seeking to vacate an arbitration award on a "completely meritless" basis, he may be subject to sanctions. *DMA Int'l, Inc. v. Qwest Commc'ns Int'l, Inc.*, 585 F.3d 1341, 1345 (10th Cir. 2009) ("If we permit parties who lose an arbitration to freely litigate their cases in court, arbitration will do nothing to reduce congestion in the judicial system; dispute resolution will be slower instead of faster and reaching a final decision will cost more instead of less."); *Lewis v. Circuit City Stores. Inc.*, 500 F.3d 1140, 1153 (10th Cir. 2007) (providing that sanctions pursuant to 28 U.S.C. § 1927 are warranted where

---

[1] Defendant does not actually specify that it seeks payment from counsel rather than plaintiff himself, but cites cases applying 28 U.S.C. §1927, which allows the court to assess costs, expenses, and fees against an attorney for multiplying proceedings. The court therefore relies on defendant's citation of §1927 in determining the authority under which defendant seeks sanctions.

arguments are "completely meritless") (internal quotation marks and citation omitted). Section 1927 provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Sanctions may be imposed under § 1927 "for conduct that, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court." *Braley v. Campbell*, 832 F.2d 1504, 1512 (10th Cir. 1987). Like Federal Rule of Civil Procedure 11, the court must apply an objective standard, and subjective bad faith is not a necessary showing for application of § 1927 sanctions. Because § 1927 is penal in nature, an award should only be made "'in instances evidencing a serious and standard disregard for the orderly process of justice'" and the court must be aware of the "need to ensure that the statute does not dampen attorneys' zealous representation of their clients' interests. . . ." *Ford Audio Video Sys., Inc. v. AMX Corp., Inc.*, Nos. 97-6169, 97-6171, 1998 WL 658386, at *3 (10th Cir. Sept. 15, 1998) (quoting *Dreiling v. Peugeot Motors of Am., Inc.*, 768 F.2d 1159, 1165 (10th Cir. 1985) (internal quotations omitted)).

On a more detailed record, it is possible that this case could be an appropriate one for sanctions—largely because of the strong federal policy in favor of arbitration. Plaintiff's counsel has not, however, relentlessly pursued this case. To the contrary, after filing his application in state court, he has all but abandoned the cause. He did not respond to defendant's motion to vacate or the court's order to show cause. He does not have a long record of pursuing frivolous arguments or wasting court time or resources. And, while filing an application may have proven unsuccessful, reasonable strategic and legal bases arguably support the decision to do so.

Plaintiff's arguments for vacating the award lack merit. But an absence of merit does not automatically equate to "intentional or reckless disregard of the attorney's duties to the court." *Braley*,

-6-

832 F.3d at 1512.  Defendant has not shown that the court should sanction plaintiff's counsel for filing the application to vacate the arbitration award.

**IT IS THEREFORE ORDERED** that plaintiff's Amended Original Application to Vacate Arbitration Award (Doc. 1-1) is denied.

**IT IS FURTHER ORDERED** that defendant's Motion to Confirm Arbitration Award and for Judgment (Doc. 4) is granted in part and denied in part.  The court confirms the award but declines to impose sanctions.

Dated this   17th   day of December, 2012, at Kansas City, Kansas.

 s/ Carlos Murgia
**CARLOS MURGUIA**
**United States District Judge**